UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SHAWN I. LAINFIESTA,

                                               Plaintiff,

                                               v.                            9:10-CV-0317
                                                                       (GLS/GHL)

GLENN S. GOORD; CHRISTOPHER ARTUZ;
THOMAS L. RICKS; VICTOR T. HERBERT;
JAMES L. CONWAY; ISRAEL RIVERA; and
WILLIAM R. LAPE,

                                             Defendants.

---

**APPEARANCES**

SHAWN I. LAINFIESTA
95-A-2531
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821
Plaintiff, *pro se*

GARY L. SHARPE
United States District Judge

## **MEMORANDUM-DECISION AND ORDER**

**I.    Introduction**

      By Order filed August 6, 2010 (the "August Order"), *pro se* plaintiff Shawn Lainfiesta was afforded an opportunity to file an amended complaint which states a claim for the violation of his constitutional rights upon which relief may be granted.  Dkt. No. 16.[1] Lainfiesta was advised that if he did not comply with the August Order, this action would be dismissed without prejudice.  *Id*. at 16.

---

[1] Lainfiesta was granted leave to proceed with this action *in forma pauperis*.  *Id*. at 16.

Lainfiesta duly filed an amended complaint which is before this Court for review, along with a request for appointment of counsel and a renewed motion for injunctive relief. Dkt. Nos. 18, 20, 22. Upon due consideration, and for the reasons set forth below, the Court finds that Lainfiesta has failed to submit a pleading which states a claim upon which relief may be granted and hereby dismisses this action, without prejudice.[2]

## II.  Discussion

### (A) Legal Standard

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).[3] When reviewing a complaint, the Court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia,* "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). The purpose of this Rule "is to give fair notice of the claim being

---

[2]  In light of the dismissal of this action, Lainfiesta's motions for appointment of counsel and for injunctive relief are denied as moot.

[3]  Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (*quoting Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, C.J.) (other citations omitted)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id*. (citing Fed. Rule Civ. Proc. 8(a)(2)). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. (internal citations and alterations omitted).

### (B) Lainfiesta's Original Complaint

By his original complaint, Lainfiesta sought redress for alleged violations of his constitutional rights dating back to 1999-2000, when he was confined at Green Haven Correctional Facility. It was during this confinement that Lainfiesta claims to have witnessed "an alleged inmate boycott situation at [Green Haven] which encompass not only criminality by facility personnel, but bureaucratic implications." Dkt. No. 1 at 3. According to Lainfiesta, he "became a concern to administration" after expressing his opinion that the "purported

3

inmate boycott was actually a fraud conducted by correctional personnel, which encompass other criminal activities" *Id*. Lainfiesta alleged that from and after that date, the superintendent of every facility in which he was confined, through his "personnel," took "torturous" actions and/or used "nocuous" tactics against him. *See id*. at 4-5, 6, 16. Lainfiesta sought redress for having been subjected to "hazardous, dreadful and abnormal living conditions for the last ten years continuously." *Id*. at 26.[4] In addition, Lainfiesta claimed that his First Amendment right to receive mail had been unlawfully interfered with, he had been denied access to the courts in violation of the Sixth Amendment, and he had been denied due process and equal protection in violation of the Fourteenth Amendment. *Id*.

Named as defendants in the original complaint were the current or former superintendents of Green Haven Correctional Facility, Upstate Correctional Facility, Attica Correctional Facility, Coxsackie Correctional Facility and Great Meadow Correctional Facility, as well as former Department of Correctional Services (DOCS) Commissioner Glenn S. Goord. Lainfiesta sought injunctive relief, compensatory damages in the amount of fifteen million dollars, and punitive damages of fifteen million dollars. *Id*. at 26.

Upon review, the Court determined that the allegations set forth in the complaint were not sufficient to state a claim for the violation of Lainfiesta's constitutional rights against the named defendants. Dkt. No. 16 at 7-10. With respect to the alleged acts of misconduct at

---

[4] Lainfiesta alleged that he has been the victim of sexual assault by "inmate agents" (pp. 10-11); suffered exposure to high levels of radiation (pp. 12-13); served food and drink contaminated with pharmaceuticals provided by medical staff (pp. 12-21); and been the victim of incessant "vilification" intended to provoke Lainfiesta to react violently to staff or "inmate agents" so that staff could use force against him (pp. 16-24). Despite all of this, Lainfiesta insisted that he "has utterly refuse to be so idiotic as to take justice in to his own hands and retaliate against any staff or inmate agent." *Id*. at 22.

Green Haven, Upstate and Attica, the Court noted that these claims appeared to be time-barred and not subject to the continuing violation doctrine because the complaint did not include factual allegations sufficient to demonstrate the applicability of this doctrine to Lainfiesta's claims that he was subjected to an "ongoing policy" of mistreatment by the superintendents of the facilities where he was confined during these years, as well as by former DOCS Commissioner Goord. *Id*. at 9.[5] With respect to Lainfiesta's claims arising out of incidents of mistreatment or wrongdoing alleged to have occurred during the three year limitations period, the Court concluded that his allegations that unnamed corrections personnel took these actions at the "behest" of the superintendent were wholly conclusory and not sufficient to demonstrate that the superintendent(s) were personally involved in the alleged wrongdoing for purposes of liability under section 1983. The Court further concludes that Lainfiesta's claim that he made numerous complaints to defendants and others which went unheeded, *id*. at 23, without more, does not demonstrate personal involvement.

In light of Lainfiesta's *pro se* status, and notwithstanding the Court's stated concerns with respect to the viability of the claims alleged in the original complaint, he was afforded the opportunity to file an amended complaint. Dkt. No. 16 at 10.

**(C) Lainfiesta's Amended Complaint**

In response to the August Order, Lainfiesta submitted an amended complaint. Dkt. No. 18. Although the amended complaint includes a lengthy recitation of the events which occurred prior to 2006, *see* Dkt. No. 18 at 5-15, Artuz, Ricks, Herbert, and Conway, each of

---

[5] This Court noted, moreover, that it appeared that several of the defendants retired from DOCS service prior to the commencement of the three year limitations period. *See* Dkt. No. 16 at 9.

whom served as superintendent of a correctional facility in which Lainfiesta was confined prior to the three-year limitations period, as well as former DOCS Commissioner Goord, are not named as defendants in the amended complaint. The amended complaint names as additional defendants, however, Great Meadow Correctional Facility officials Graham, Martuscello, Lavalley, Bezio, Kelly and DOCS official Leclaire.

The allegations of the amended complaint are essentially unchanged. As he did in the original complaint, Lainfiesta complains of ongoing efforts at Coxsackie and at Great Meadow to "recruit Lainfiesta as an inmate agent or silence him in a projected legitimate fashion." Dkt. No. 18 at 18-20. According to Lainfiesta, he is "continuously" subjected to "orchestrated incidents" by security personnel "intended to eventuate misbehavior" by Lainfiesta. As alleged in the amended complaint "[s]ecurity personnel have been trying to create a incident where they can use force on Lainfiesta in a justifiable fashion, hoping to knock Lainfiesta unconscious, so he can be taken to the hospital and sedated with psychoactive drugs." *Id*. at 20-21 & n. 11. Lainfiesta complains of acts of "subtle sexual assault" during the pat-frisk routine, receiving contaminated food and drink,[6] and having his mail and phone calls blocked. *Id*. at 21-26.

Upon a thorough review of Lainfiesta's amended complaint and with due regard for his status as a *pro se* litigant, the Court finds that this pleading fails to set forth allegations of fact

---

[6] Lainfiesta lists 52 different meals served to him at Coxsackie during the period December 9, 2006 through January 3, 2010, which he claims were "contaminated." *See* Dkt. No. 18 at 16-17. Lainfiesta identifies the incidents by date, the officer who served the meal, the contents of the meal and the "harmful effect" of the meal. *Id*. On 33 occasions, Lainfiesta claims to have suffered a "mild heart attack"; the remaining incidents caused either "stomach pain" or "pain in liver area." *Id*. Lainfiesta identifies another three incidents which allegedly occurred at Great Meadow Correctional Facility between June 6 and June 13, 2010, each of which caused a "heart attack." *Id*. at 22.

sufficient to even suggest that the named defendants acted "to exert their authority through a hierarchical work force, to undertake their desire of having Lainfiesta neutralize," *see* Dkt. No. 18 at 24, or were otherwise personally involved in conduct violative of Lainfiesta's constitutional rights for purposes of establishing liability pursuant to 42 U.S.C. § 1983.  All of the named defendants are employed either in a supervisory capacity at Coxsackie or Great Meadow, or in a supervisory/administrative capacity for DOCS.  Although Lainfiesta was specifically advised that any amended complaint must include allegations against each named defendant sufficient to demonstrate his personal involvement in the matters complained of because, as discussed in the August Order, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," see *Iqbal*, 129 S.Ct. at 1949, Lainfiesta has not heeded that advice in drafting the amended complaint.  Similarly, Lainfiesta's allegation that "all of [his] complaints to Defendants have been ignored, side-step or perfunctorily address, resulting often in security personnel exacerbating their actions against Lainfiesta," *see id.* at 23, is wholly conclusory and does not demonstrate personal involvement.  In sum, the allegations of the amended complaint are not sufficient to meet the standards set forth in *Ashcroft* and *Twombley*.[7]

Significantly, the amended complaint's failure to provide defendants with "fair notice" of the claims asserted against them followed this Court's August Order that, in dismissing

---

[7] In light of Lainfiesta's *pro se* status the Court also reviewed his renewed motion for injunctive relief in order to determine whether any factual allegations set forth therein warrant response or further consideration.  Here again, Lainfiesta alleges only that unnamed security personnel have been "continuously vilifying" him, subjecting him to incidents intended to eventuate in misbehavior, and "conspiring to assault Lainfiesta with a cheapshot and then attributing it to some sort of freak accident" and he seeks an order of this Court restraining defendants from such actions.  Dkt. No. 22 at 13.

Lainfiesta's original complaint, explained its deficiencies and provided Lainfiesta with an opportunity to cure the defects. The August Order also advised Lainfiesta that his failure to do so would result in dismissal. Lainfiesta has not complied with the Court's directions set forth in the August Order. Lastly, the Court is not persuaded that a third pleading is reasonably likely to cure the deficiencies in Lainfiesta's prior pleadings so as to survive the required scrutiny under 28 U.S.C. § 1915(e).

### III.     Conclusion

For the reasons set forth above, this action is dismissed. This dismissal is not an adjudication on the merits and is without prejudice. In light of the dismissal of this action, Lainfiesta's renewed motions for appointment of counsel and for injunctive relief are denied as moot.

WHEREFORE, it is hereby

ORDERED that this action is **dismissed** pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A due to Lainfiesta's failure to comply with the August Order and to file an amended complaint which states a claim upon which relief may be granted; and it is further

ORDERED that Lainfiesta's renewed motions for appointment of counsel and for injunctive relief (Dkt. Nos. 20, 22) are **denied as moot**; and it is further

ORDERED, that the Clerk serve a copy of this Order on Lainfiesta.

IT IS SO ORDERED.

December 10, 2010

*Gary L. Sharpe*
United States District Court Judge